**SBERBANK OF RUSSIA, Plaintiff–Counter–Defendant–Appellee,**

v.

**Yuri TRAISMAN, Defendant–Counter–Claimant–Appellant.**

No. 16-1505

United States Court of Appeals, Second Circuit.

April 11, 2017

FOR APPELLANT: ELY GOLDIN, Fox Rothschild LLP, Blue Bell, PA.

FOR APPELLEE: DANIEL A. RUBENS (Robert L. Sills, Igor Marguylan, on the brief), Orrick, Herrington & Sutcliffe LLP, New York, NY; Alfred U. Pavlis, Finn Dixon & Herling LLP, Stamford, CT.

PRESENT: ROBERT D. SACK, RAYMOND J. LOHIER, JR., Circuit Judges, PAUL A. CROTTY,* District Judge.

## SUMMARY ORDER

Yuri Traisman appeals from a judgment of the District Court (Eginton, J.) granting summary judgment in favor of Sberbank of Russia. The case arises from Traisman's personal guaranty of three commercial loans issued by Sberbank to a Russian corporation associated with Traisman. The District Court ruled in favor of Sberbank on its claim to enforce the guaranties and dismissed Traisman's counterclaims, based mainly on the preclusive effect of a judgment obtained by Sberbank in a proceeding in Russia. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

Sitting in diversity and therefore applying Connecticut's choice of law rules, Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), the District Court applied Russian preclu-

sion law to rule in Sberbank's favor. We review the District Court's application of claim and issue preclusion de novo. Proctor v. LeClaire, 715 F.3d 402, 411 (2d Cir. 2013).

Our review of the applicable provisions of the Russian Code of Civil Procedure and the unrebutted expert report submitted by Traisman persuades us that the District Court was correct as to issue preclusion but incorrect as to claim preclusion. The issue of forgery that Traisman raised as a counterclaim in the Russian litigation was fully litigated and decided on the merits. Our reading of Article 61 of the Russian Code of Civil Procedure is that it bars the re–litigation of that issue in subsequent lawsuits. But based on the plain text of Article 134 of the Russian Code of Civil Procedure and Traisman's expert report, we conclude that Russian claim preclusion rules permit subsequent litigation of claims not actually asserted in the prior proceeding. Here, the parties agree that Traisman did not assert any of his counterclaims or non–forgery affirmative defenses in the Russian litigation. The District Court therefore should not have granted summary judgment to Sberbank on preclusion grounds as to those new claims and defenses.[1]

Finally, the District Court's grant of a prejudgment remedy pursuant to Connecticut law was proper because Sberbank sought a prejudgment remedy in an independent Connecticut action to enforce the guaranties rather than bringing "a prospective action in Connecticut ... to enforce a foreign judgment." Travelers Cas. & Sur. Co. of Am. v. Caridi, 144 Conn.App. 793, 73 A.3d 863, 871 (2013) (quotation marks omitted).

---

* Judge Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

1. Notwithstanding the erroneous preclusion ruling, however, on appeal Traisman has

abandoned his fifth counterclaim for ultra vires execution of the underlying loans, his sixth counterclaim for abuse of process, and the seven affirmative defenses that the District Court dismissed on the merits.

Accordingly, we affirm the District Court's judgment as to Traisman's two abandoned counterclaims and its grant of a prejudgment remedy, but we vacate the judgment and remand for further proceedings as to Sberbank's claim and Traisman's four remaining counterclaims. We need not address Traisman's appeal of the award of prejudgment interest.

We have considered the parties' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AF-FIRMED in part and VACATED in part, and the matter is REMANDED for further proceedings consistent with this order.